UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL ANDERSON and KATRINA ANDERSON, | CV 05-1741-ST |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, a foreign corporation, TRANSUNION, LLC, a foreign corporation, EXPERIAN INFORMATION SOLUTIONS, INC. a foreign corporation, and U.S. BANK N.A., dba ELAN FINANCIAL SERVICES, a foreign corporation, | |
| Defendants. | |

REDDEN, Judge:

Plaintiffs filed this civil action against defendants for failure to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Magistrate Judge Stewart ordered

PAGE 1 - OPINION AND ORDER

defendant TransUnion, LLC ("TransUnion") to produce a one-page document that it withheld from discovery on attorney-client and work-product privilege grounds. TransUnion timely filed objections to Magistrate Judge Stewart's discovery order. The matter is now before this court pursuant to 28 U.S.C § 636(b)(1)(A), and Federal Rule of Civil Procedure 72(a). For the reasons set forth below, TransUnion's objections are overruled.

## Background

Through discovery, Plaintiff requested a "current copy" of his credit report from Defendant. TransUnion initially objected to producing the report because a party is not required to create new documents in response to a discovery request. Nevertheless, they agreed to generate a current credit report, and provided the report to Plaintiff.

At issue here is a single page of Plaintiff's credit report, which TransUnion withheld on attorney-client and work-product privilege grounds. Apparently, whenever TransUnion generates a credit report at the request of a customer, it automatically generates a cover letter that is addressed to the customer and reflects a summary of the credit report. The cover letter lists the current status of the customer's accounts and whether any recent corrections or changes have been made to the customer's credit file. TransUnion contends that the cover letter at issue reflects changes to TransUnion's file that were made under the advice of counsel, and is therefore protected by the attorney-client and work-product privileges.

The cover letter is addressed to Plaintiff, but TransUnion never sent the letter to Plaintiff. Nor did TransUnion intend to send the letter to him. Instead, TransUnion claims that it generated the cover letter to apprise its own counsel of the actions the company took regarding Plaintiff's file at the instruction of counsel. The letter does not contain any reference to counsel.

PAGE 2 - OPINION AND ORDER

Magistrate Judge Stewart viewed the one-page document *in camera* and concluded that it was not subject to any privilege because the document contained no reference to TransUnion's attorney. Thus, she ordered TransUnion to produce the document to Plaintiff.

### Standard of Review

When reviewing a magistrate judge's order on a non-dispositive matter, a district court judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("[A] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Though Section 636(b)(1)(A) has been interpreted to permit *de novo* review of the legal findings of a magistrate judge, Adolph Coors Co. v. Wallace, 570 F. Supp. 202 (C.D. Cal. 1983), magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of a clear abuse of discretion. Hasbrouck v. Bank America Hous. Servs., 190 F.R.D. 42, 44 (N.D.N.Y. 1999).

### Discussion

Whether Magistrate Judge Stewart's discovery order is reviewed for "clear error" or *de novo*, as TransUnion suggests, the document at issue is not subject to any privilege and should be produced.

*1. Attorney-Client Privilege*

"Under the attorney-client privilege, confidential communications made by a client to an

PAGE 3 - OPINION AND ORDER

attorney to obtain legal services are protected from disclosure." <u>Clarke v. Am. Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992) (citing <u>Fisher v. United States</u>, 425 U.S. 391, 403 (1976)).  Not every communication between an attorney and client is privileged, only confidential communications which involve the requesting or giving of legal advice.  <u>Fisher</u>, 425 U.S. at 403.

      The document at issue does not reflect any confidential communication between TransUnion and its counsel.  There is no reference to counsel in the letter, and there is no indication that TransUnion intended the letter to be confidential.  The letter is addressed to Plaintiff, not TransUnion's counsel.  Further, the document does not reflect any legal advice.  It is a standard document that summarizes Plaintiff's current personal credit file.  TransUnion may not withhold relevant factual evidence simply because it related that information to counsel.  <u>Cf. Upjohn Co. v. United States</u>, 449 U.S. 383, 394 (1981) ("The attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.").  The cover letter is not protected by the attorney-client privilege.

      *2. Work-Product Privilege*

      The work-product privilege protects "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."  Fed. R. Civ. P. 26(b)(3).  The Supreme Court has observed that "[a]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  <u>United States v. Nobles</u>, 422 U.S. 225, 238-39 (1975).  Given that attorneys often must rely on the assistance of investigators

and other agents in the compilation of materials for trial, the doctrine protects material prepared by agents for the attorney as well as those prepared by the attorney himself. Id.

The cover letter to Plaintiff's credit report is not protected by the work-product privilege because the document was not in fact prepared for the benefit of TransUnion's counsel in anticipation of litigation. It was prepared for Plaintiff in response to his request. The document contains no reference to counsel, this particular case, or any legal advice. It is clearly addressed to Plaintiff and contains information related to his personal credit file.

TransUnion's argument that it "created" this document for the benefit of counsel is not persuasive. TransUnion was required under FCRA to produce a new credit report and to provide Plaintiff with all information in his credit file upon his request. See 15 U.S.C. § 1681g(a)(1)(A) ("Every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.") (emphasis added). The information contained in the document at issue is automatically generated with each credit report, and it reflects Plaintiff's personal credit information. Therefore, the document is subject to disclosure under FCRA. That TransUnion generated the document in response to a discovery request rather than in response to an ordinary credit inquiry under FCRA does not permit TransUnion to selectively withhold information, to which Plaintiff would otherwise be entitled. Indeed, the Advisory Committee Note to Rule 26(b)(3) provides, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, . . . are not under the qualified immunity provided [by the work-product privilege]." Advisory Committee's Explanatory Statement Concerning Amendments to Discovery Rules, 48 F.R.D. 487, 501 (1969) (emphasis added); see also Goosman v. A. Duie Pyle, Inc., 320 F.2d 45, 52 (4th Cir. 1963)

(reports generated pursuant to federal regulations are not privileged from disclosure). The document at issue is not protected by the work-product privilege because TransUnion had a legal obligation under FCRA to provide the information to Plaintiff.

## Conclusion

For the reasons stated above, TransUnion's objections to Magistrate Judge Stewart's discovery order are overruled. The document at issue is not subject to any privilege, and TransUnion must disclose it to Plaintiff.

IT IS SO ORDERED.

DATED this 20th day of August, 2007.

/s/ James A. Redden
James A. Redden
Senior United States District Judge